IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDSTAR BLUE, LLC,
a Florida limited liability
corporation,

       Plaintiff,

v.

PERFECT 1, LLC,
A Ohio limited liability corporation,
GOZAL INCORPORATED,
A Ohio corporation, and
JANE AND JOHN DOES 1
THROUGH 10,

       Defendants.
_____/

Case No:

## **COMPLAINT**

Plaintiff LANDSTAR BLUE, LLC by and through its undersigned counsel, hereby submits and files its Complaint against Defendants, Perfect 1, LLC., Gozal Incorporated, and Jane and John Does 1 through 10 and in support thereof states as follows:

## **INTRODUCTION**

1. This is a civil action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff LANDSTAR BLUE, INC. ("Landstar"), a transportation

1

broker, and Defendants, PERFECT 1, LLC. ("Perfect"), GOZAL INCORPORATED ("Gozal"), each a motor carrier that provides transportation services, and DOES 1 through 10, each an individual officer, director, and/or principal of Perfect or Gozal. Perfect and/or Gozal failed to reimburse Landstar for damage of a shipment tendered to it, for which it has liability under the Carmack Amendment, 49 U.S.C. § 14706. Perfect and/or Gozal failed to indemnify Landstar for damage to that same shipment tendered to it, as required by the parties' Transportation Brokerage Agreement, among other wrongs.

## PARTIES, JURISDICTION, VENUE

2. Landstar is a Florida corporation with its principal place of business located in Jacksonville, Florida.

3. Landstar is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-1127248) that arranges for the interstate transportation of property by various motor carriers. Landstar also holds federal authority as an authorized motor carrier.

4. Landstar is a citizen of Florida for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

5. Perfect is a Ohio corporation with its principal place of business in West Chester, Ohio.

6. Perfect is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-922250) to transport property in interstate commerce.

7. Gozal is a Ohio corporation with its principal place of business in Hooven, Ohio.

8. Gozal is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-99639) to transport property in interstate commerce.

9. Jane and John Does I - V, at all material and relevant times, acted as an individual officer, director, and/or principal of Perfect, which knowingly authorized, consented to, or permitted, directly or indirectly, unlawful brokering activities. The information of Jane and John Does I – V will be updated upon receipt of same in discovery.

10. Jane and John Does VI through X, at all material and relevant times, acted as individual officers, directors, and/or principals of Gozal, which knowingly authorized, consented to, or permitted, directly or indirectly, unlawful brokering activities. The information of Jane and John Does VI – X will be updated upon receipt of same in discovery.

11. Because Landstar and Defendants are citizens of different states, and because the amount in controversy, exclusive of interest, costs

and attorneys' fees, is over $75,000.00, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

12. This Court also has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 where the amount in controversy exceeds $10,000.00, as it does here.

13. On or about April 18, 2019, Perfect entered into the Transportation Brokerage Agreement (" Perfect Agreement") with Landstar, wherein Perfect agreed to transport cargo for customers of Landstar. The Perfect Agreement is attached hereto as **Exhibit A**.

14. Paragraph 26 of the Perfect Agreement provides that:

Each of the parties hereto irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

15. Accordingly, Perfect consented to the jurisdiction of this Court and to this Court being a proper venue for this action, which arises out of and/or relates to the Perfect Agreement.

16. On or about August 1, 2018, Gozal entered into the Transportation Brokerage Agreement ("Gozal Agreement") with Landstar,

wherein Gozal agreed to transport cargo for customers of Landstar. The Gozal Agreement is attached hereto as **Exhibit B**.

17. Paragraph 26 of the Gozal Agreement provides that:

Each of the parties hereto irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

18. Accordingly, Gozal consented to the jurisdiction of this Court and to this Court being a proper venue for this action, which arises out of and/or relates to the Gozal Agreement.

## **GENERAL ALLEGATIONS**

19. Mast Logistics Services ("the Customer") contracted Landstar to arrange for transportation of candles and wall flowers ("the Shipment") from New Albany, Ohio to a consignee in McDonough, Georgia.

20. Governed by the Perfect Agreement, on or about February 20, 2023, Landstar arranged for Perfect to transport the Shipment from New Albany, Ohio to McDonough, Georgia. A copy of the governing bill of lading for the Shipment (the "Bill of Lading"), is attached hereto as **Exhibit C**. A copy of the rate confirmation for the Shipment (the "Rate Confirmation") is attached hereto as **Exhibit D.**

5

21. On or about February 20, 2023, Perfect and Gozal utilized a shared dispatch service.

22. On or about February 20, 2023, a dispatcher under the shared dispatch arrangement accepted tender of the Shipment from Landstar on behalf of Perfect.

23. Under its broker authority, Perfect then arranged for the Shipment to be transported by Gozal, a licensed motor carrier.

24. The driver, Shah Syed (the "Driver"), picked up the Shipment under Gozal's authority in New Albany, Ohio on or about February 22, 2023.

25. The Shipment was picked up in New Albany, Ohio on or about February 22, 2023, in good condition.

26. However, during transit the Driver was involved in an accident that caused significant damage to the Shipment. A copy of the Incident Report is attached hereto as **Exhibit E**.

27. The Shipment was deemed a total loss and could not be salvaged. A copy of the Certificate of Destruction is attached hereto as **Exhibit F.**

28. As such, the Customer's third-party claim administrator Gallagher Basset ("GB") made and submitted a Presentation of Loss and Damage Claim dated May 2, 2023 to Landstar on behalf of Customer, representing the total amount of damages suffered by the Customer as $113,116.32 due to the damage to the Shipment. A true and correct copy of

the Presentation of Loss and Damage Claim is attached hereto as **Exhibit G.**

29. Pursuant to the Services Contract between the Customer and Landstar, Landstar was liable to the Customer for the damages stated in the Presentation of Loss and Damage Claim dated May 2, 2023 .

30. Accordingly, Landstar issued payment to GB totaling $113,116.32.

31. In exchange for payment pursuant to the Presentation of Loss and Damage Claim, the Customer executed an Assignment. Thus, Landstar is the owner and assignee of said claim.

32. Landstar retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

33. As of the filing of this action, Perfect has failed to accept liability for its loss of the Shipment.

34. As of the filing of this action, Gozal has failed to accept liability for the loss of the Shipment.

35. All conditions precedent to this action have occurred, been satisfied, or have been waived.

**COUNT ONE – BREACH OF CONTRACT**
**(against Perfect 1, LLC)**

36. Landstar incorporates paragraphs 1 through 35 as if fully set forth herein.

37. Having duly entered into the Perfect Agreement with Landstar, Perfect was bound by Perfect's Agreement terms and conditions when Perfect accepted the Shipment pursuant to the Rate Confirmation. *See* **Exhibit A**; **Exhibit D**.

38. Paragraphs 8 and 11 of the Perfect Agreement make Perfect wholly responsible for performing the transportation services contemplated by its Agreement and liable for damages arising from cargo loss, damage or delay in the performance of such services. *See* **Exhibit A, ¶8, 11.**

39. Paragraph 17 of the Perfect Agreement provides:

"CARRIER shall transport all freight tendered by BROKER only on Equipment operated under CARRIER's for-hire motor carrier authority. CARRIER shall not in any way sub-contract, broker, or arrange for the freight to be transported by a third party without BROKER's prior written consent."
*See* **Exhibit A, ¶17.**

40. Perfect breached its Agreement by arranging for the Shipment to be transported by Gozal without Landstar's prior written consent.

41. Paragraph 9 of the Agreement makes Perfect responsible for defending, indemnifying, and holding Landstar harmless "from and against all loss, liability, judgment, damage, claim, fine, cost or expense, including reasonable attorneys' fees, arising out of or in any way related to" Perfect's performance or breach of the Perfect Agreement. *See* **Exhibit A, ¶9.**

42. Perfect further breached the Agreement by failing to indemnify and hold Landstar harmless for the cargo loss, costs, and attorneys' fees Landstar incurred as a result of Perfect's breach of its Agreement. *See* **Exhibit A, ¶9.**

43. As a direct result of Perfect's breach of its Agreement, Perfect is liable for Landstar's actual damages in the amount of $113,116.32.

44. Landstar has accrued costs and reasonable attorneys' fees in enforcing the Agreement and in pursuing its losses and contractual indemnification from Perfect, which attorney's fees and costs are recoverable under the Agreement. *See* **Exhibit A, ¶11.**

WHEREFORE, Plaintiff, Landstar Blue, Inc., demands judgment in its favor and against Defendant, Perfect 1, LLC., an award of damages totaling $113,116.32 plus attorneys' fees and costs pursuant to the Agreement, and for any other relief which this Court deems appropriate.

### **COUNT TWO - CARMACK AMENDMENT (in the alternative)**
**(against Perfect 1, LLC)**

45. Landstar incorporates paragraphs 1 through 35 as if fully set forth herein.

46. Plaintiff brings this cause of action based on the assigned rights it possesses from GB.

47. As the motor carrier accepted tender of the Shipment and was legally bound to transport, Perfect is liable to the party entitled to recover for the full actual value of the lost, damaged, or delayed property under 49 U.S.C. §14706 (the "Carmack Amendment").

48. As the assignee and owner of the Presentation of Loss and Damage Claim, Landstar is the party entitled to recover the full actual value of the damaged property under the Carmack Amendment. *See* **Exhibit F.**

49. As a direct and proximate result of Perfect's failure to properly deliver the Shipment undamaged, Landstar has suffered damages in the amount of $113,116.32.

WHEREFORE, Plaintiff, Landstar Blue, Inc., demands judgment in its favor and against Defendant Perfect 1, LLC. an award of damages totaling $113,116.32, and for any other relief which this Court deems appropriate.

### **COUNT THREE - CARMACK AMENDMENT**
**(against Gozal, Inc.)**

50. Landstar incorporates paragraphs 1 through 35 as if fully set forth herein.

51. Plaintiff brings this cause of action based on the assigned rights it possesses from GB.

52. As the motor carrier in possession of the Shipment, Gozal is liable to the party entitled to recover for the full actual value of the lost, damaged, or delayed property under the Carmack Amendment.

53. As the assignee and owner of the Presentation of Loss and Damage Claim, Landstar is the party entitled to recover the full actual value of the lost property under the Carmack Amendment. See **Exhibit F.**

54. As a direct and proximate result of Gozal's failure to properly deliver the Shipment undamaged, Landstar has suffered damages in the amount of $113,116.32.

WHEREFORE, Plaintiff, Landstar Blue, Inc., demands judgment in its favor and against Defendant Gozal, Inc. an award of damages totaling $113,116.32, and for any other relief which this Court deems appropriate.

## **COUNT FOUR – BREACH OF CONTRACT**
**(against Gozal, Inc.)**

55. Landstar incorporates paragraphs 1 through 33 as if fully set forth herein.

56. Having duly entered into the Gozal Agreement with Landstar, Gozal's carriage of the Shipment was subject to Gozal's Agreement's terms and conditions. *See* **Exhibit B**.

57. Paragraphs 8 and 11 of the Gozal Agreement make Gozal wholly responsible for performing the transportation services contemplated by the

Agreement and liable for damages arising from cargo loss, damage or delay in the performance of such services. *See* **Exhibit B**, ¶8, 11.

58. Paragraph 9 of the Agreement makes Gozal responsible for defending, indemnifying, and holding Landstar harmless "from and against all loss, liability, judgment, damage, claim, fine, cost or expense, including reasonable attorneys' fees, arising out of or in any way related to" Gozal's performance or breach of the Agreement. *See* **Exhibit B**, ¶9.

59. Gozal further breached the Agreement by failing to indemnify and hold Landstar harmless for the cargo loss, costs, and attorneys' fees Landstar incurred as a result of Gozal's breach of the Agreement. *See* **Exhibit B**, ¶9.

60. As a direct result of Gozal's breach of the Agreement, Gozal is liable for Landstar's actual damages in the amount of $113,116.32.

61. Landstar has accrued costs and reasonable attorneys' fees in enforcing the Agreement and in pursuing its losses and contractual indemnification from Gozal, which attorney's fees and costs are recoverable under the Agreement. *See* **Exhibit B, ¶11.**

WHEREFORE, Plaintiff, Landstar Blue, Inc., demands judgment in its favor and against Defendant Gozal, Inc. an award of damages totaling $113,116.32, plus attorneys' fees and costs pursuant to the Agreement, and for any other relief which this Court deems appropriate.

## COUNT FIVE – UNLAWFUL BROKERAGE ACTIVITIES
### (against Perfect 1 LLC and Jane and John Does I - V)

62. Landstar incorporates paragraphs 1 through 35 as if fully set forth herein.

63. Perfect is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration to transport property in intrastate commerce and is not a property broker authorized under, and in compliance with, 49 U.S.C. §13904.

64. Landstar contracted Perfect to transport the Shipment from New Albany, Ohio to McDonough, Georgia.

65. Perfect acted as a property broker pursuant to 49 U.S.C. § 14916 when it contracted Gozal to transport the Shipment from Albany, Ohio to McDonough, Georgia.

66. Jane and John Does I – V are individual officers, directors, and/or principals of Perfect.

67. Perfect, acting as a property broker, unlawfully tendered the Shipment to Gozal.

68. Perfect and Jane and John Does I – V violated 49 U.S.C. § 14916 when they knowingly engaged in unlawful brokering activities by engaging in brokerage operations despite not having the requisite broker authority.

69. Pursuant to 49 U.S.C. §14706, Perfect and Jane and John Does I - V are jointly and severally liable for civil penalties and Landstar's claims incurred without regard to amount.

WHEREFORE, Plaintiff, Landstar Blue, Inc., demands judgment in its favor and against Defendants Perfect 1 LLC and Jane and John Does I - V an award of damages totaling $113,116.32, plus attorneys' fees and costs pursuant to the Agreement, and for any other relief which this Court deems appropriate.

### COUNT SIX – UNLAWFUL BROKERAGE ACTIVITIES
(against Gozal Incorporated and Jane and John Does VI - X)

70. Landstar incorporates paragraphs 1 through 35 as if fully set forth herein.

71. Gozal is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration to transport property in intrastate commerce.

72. Gozal accepted, consented to, or permitted, directly or indirectly, in conjunction with Perfect, which is not a property broker authorized under 49 U.S.C. §13904, the transportation of the Shipment from New Albany, Ohio to McDonough, Georgia.

73. Jane and John Does VI – X are individual officers, directors, and/or principals of Gozal.

14

74. Gozal and Jane and John Does VI – X knowingly authorized, consented to, and/or permitted, directly or indirectly, Perfect to broker the Shipment to Gozal in violation of 49 U.S.C. §14916

75. Pursuant to 49 U.S.C. §14706, Gozal and Jane and John Does IV - X are jointly and severally liable for civil penalties and Landstar's claims incurred without regard to amount.

WHEREFORE, Plaintiff, Landstar Blue, Inc., demands judgment in its favor and against Defendants Gozal and Jane and John Does I - V an award of damages totaling $113,116.32, plus attorneys' fees and costs pursuant to the Agreement, and for any other relief which this Court deems appropriate.

Date: February 26, 2025

Respectfully submitted,

/s/ Lauren Feldman
    Lauren Feldman, Esq.
    Florida Bar No. 106075
    Sophia Bernard, Esq.
    Florida Bar No. 113805
    TAYLOR NELSON, P.A.,
    ATTORNEYS AT LAW, P.L.
    20 3rd Street SW, Suite 209
    Winter Haven, FL 33880
    (863) 875-6950 (tel)
    (863) 875-6955 (fax)
    sbernard@taylorlawpl.com
    lfeldman@taylorlawpl.com
    efiling@taylorlawpl.com
    lroberts@taylorlawpl.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2025, the foregoing document was filed with the Clerk of Court through the CM/ECF system.

<u>/s/ Lauren Feldman</u>